**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CREDIT CARD FRAUD CONTROL** | § | |
| **CORPORATION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 3:14-CV-03262-M** |
| | § | |
| **MAXMIND, INC.,** | § | |
| **Defendant.** | § | |

## DEFENDANT MAXMIND, INC.'S ORIGINAL ANSWER AND COUNTERCLAIMS

Defendant MaxMind, Inc. ("MaxMind") respectfully files this Original Answer and Counterclaims to Plaintiff's Original Complaint (the "Complaint").

## THE PARTIES

1.     MaxMind is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and, accordingly, denies the same.

2.     MaxMind admits that it is a Delaware corporation with a principal place of business in Waltham, Massachusetts.  MaxMind admits that Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, Delaware 19958 is a registered agent.  MaxMind otherwise denies any remaining allegations of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     MaxMind admits that the Complaint alleges that this is an action arising under the United States Patent Act, 35 U.S.C. § 1, *et seq*.  MaxMind denies any patent infringement and denies any remaining allegations of paragraph 3 of the Complaint.

4.     MaxMind admits that subject-matter jurisdiction of patent claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.  MaxMind denies any patent infringement and denies any remaining allegations in paragraph 4 of the Complaint.

5.      MaxMind admits that 28 U.S.C. §§ 1391 and 1400 govern the venue of patent claims, but denies any patent infringement and denies any remaining allegations in paragraph 5 of the Complaint.

6.      MaxMind denies the allegations in paragraph 6 of the Complaint.

## (ALLEGED) PATENT INFRINGEMENT

7.      MaxMind incorporates its responses herein to paragraphs 1 through 6 in the Complaint.

8.      MaxMind is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and, accordingly, denies the same.

9.      MaxMind denies the allegations in paragraph 9 of the Complaint and/or is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and accordingly, denies the same.

10.     MaxMind denies the allegations in paragraph 10 of the Complaint.

11.     MaxMind denies the allegations in paragraph 11 of the Complaint.

## DEMAND FOR JURY TRIAL

MaxMind admits that Plaintiff has articulated a jury demand.

## PRAYER

With respect to the allegations in the section of the Complaint entitled "Prayer," MaxMind admits that Plaintiff seeks the relief set forth therein, but denies that Plaintiff is entitled to any of the relief requested.  Otherwise, the allegations of the "Prayer" section of the Complaint are denied.

## DEFENSES

Further answering, MaxMind asserts the following defenses without assuming the burden of proof when such burden would otherwise be on Plaintiff.

### First Defense

1.      MaxMind has not infringed and is not infringing any valid and enforceable claim of the '942 patent.

### Second Defense

2.      The '942 patent is invalid because it fails to meet the conditions set forth for patentability in Title 35, United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112 thereof.

### Third Defense

3.      Plaintiff is estopped from asserting a construction of any claims of the '942 patent in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court of law.

### Fourth Defense

4.      To the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### Fifth Defense

5.      Plaintiff is barred from recovering costs by 35 U.S.C. § 288.

**Sixth Defense**

6.     Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

MaxMind reserves the right to assert additional defenses after further investigation, including but not limited to additional defenses related to validity and enforceability.

## COUNTERCLAIMS

MaxMind asserts the following Counterclaim against Plaintiff/Counter-Defendant Credit Card Fraud Control Corporation ("CCFCC"):

**Jurisdiction and Venue**

1.     This Court has jurisdiction over the claims for declaratory relief arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

2.     Venue in this judicial district is proper to the extent venue for CCFCC's Complaint is proper pursuant to 28 U.S.C. § 1391.

**The Parties**

3.     As stated in CCFCC's Complaint, CCFCC is a corporation with its principal place of business in Newport Beach, California.

4.     Defendant/Counter-Plaintiff MaxMind, Inc. is an entity organized and existing under the laws of Delaware with its principal place of business in Waltham, Massachusetts.

**Declaratory Judgment**

5.     Defendant/Counter-Plaintiff MaxMind, Inc. ("MaxMind") incorporates the allegations contained above in its Answer and in paragraphs 1 through 4 of this Counterclaim.

6.     Plaintiff/Counter-Defendant CCFCC has filed suit in this matter asserting infringement of one or more claims of the '942 patent.   MaxMind denies any liability for

infringement and asserts that the referenced patent is invalid and unenforceable.  The allegations in the Complaint have created an actual and justiciable controversy between Plaintiff/Counter-Defendant CCFCC and Defendant/Counter-Plaintiff MaxMind concerning the validity, enforceability, and infringement of the '942 patent.

7.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, MaxMind is entitled to a declaratory judgment that the '942 patent is invalid for failure to meet the conditions set forth in Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

8.      MaxMind is also entitled to a declaratory judgment that it has not infringed, contributed to the infringement of, or induced the infringement of, and is not infringing, contributing to the infringement of, or inducing the infringement of, any valid and enforceable claim of the '942 patent.

9.      This is an exceptional case under 35 U.S.C. § 285.  Accordingly, MaxMind is entitled to recover its reasonable attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Defendant MaxMind, Inc. respectfully requests:

a.      that Plaintiff take nothing by this action;

b.      that the Court enter a judgment declaring that MaxMind does not and has not infringed any valid and enforceable claim of the '942 patent;

c.      that the Court enter a judgment declaring that the claims of the '942 patent are invalid;

d.      that the Court declare this case is exceptional under 35 U.S.C. § 285 in MaxMind's favor and that MaxMind be awarded its costs, expenses, and reasonable attorneys' fees incurred herein; and

e.      that the Court grant such other and further relief to which MaxMind may show itself justly entitled.

Dated:  December 3, 2014        Respectfully submitted,

**ANDREWS KURTH LLP**

By:   */s/  Tonya M. Gray*
      Anthony Son
      AnthonySon@andrewskurth.com
      1350 I Street, NW
      Suite 1100
      Washington, DC  20005
      Telephone:  202.662.2784
      Fax:  202.974.9524

      Tonya M. Gray
      Texas Bar No. 24012726
      tonyagray@andrewskurth.com
      1717 Main Street, Suite 3700
      Dallas, Texas 75201
      Telephone:  (214) 659-4400
      Facsimile:  (214) 659-4401

**ATTORNEYS FOR DEFENDANT
MAXMIND, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 3, 2014, the foregoing document was electronically submitted with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record.

*/s/ Tonya M. Gray*
Tonya M. Gray