IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CREDIT CARD FRAUD CONTROL CORPORATION, | § § § | |
| Plaintiff, | § § | No. 3:14-CV-3262-M |
| v. | § § | |
| MAXMIND, INC., | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Stay Pending Covered Business Method Patent Review [Dkt. No. 17]. For the reasons described below, the Motion is **DENIED** without prejudice.

**BACKGROUND**

Defendant MaxMind, Inc. ("MaxMind") moves to stay this case in light of its pending Post-Grant Review of a Covered Business Method Patent ("CBM") petition before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("PTO"). *See* Dkt. No. 18. In the CBM petition, MaxMind seeks to invalidate under 35 U.S.C. § 101 claims 1–30 of U.S. Patent No. 8,630,942 ("the '942 Patent") as unpatentable subject matter. *Id.* Accordingly, MaxMind asks that this suit be stayed until the PTAB initiates, investigates, and concludes the CBM review.

On September 10, 2014, Plaintiff Credit Card Fraud Control Corporation ("CCFCC" or "Plaintiff") filed its Original Complaint against MaxMind, alleging

infringement of the '942 Patent.[1] On October 21, 2014, the Court granted MaxMind's Unopposed Motion for Extension of Time to File Answer, and permitted MaxMind to answer or otherwise respond to CCFC's Original Complaint on or before November 3, 2014.[2] The Court also granted MaxMind's Second Unopposed Motion for Extension of Time to File Answer, extending the answer deadline to December 3, 2014.[3] On December 3, 2014, MaxMind filed its Original Answer to Plaintiff's Original Complaint.[4] On December 19, 2014, Plaintiff filed a Reply to Defendant's Answer and Counterclaims.[5]

On March 3, 2015, MaxMind filed its CBM petition.[6] On March 11, 2015, the parties filed their Rule 26 Joint Report Regarding Contents of Scheduling Order.[7] On March 11, 2015, MaxMind filed the instant Motion for Stay Pending Covered Business Method Patent Review, and Plaintiff filed its Notice of Compliance Regarding Initial Disclosures.[8]

As MaxMind notes, the PTAB has until September 2015 to determine whether to institute a proceeding, after which a final decision on the merits would be issued within 18 months. *See* 35 U.S.C. §§ 323-24.

---

[1] Dkt. No. 1.
[2] Dkt. No. 8.
[3] Dkt. No. 12.
[4] Dkt. No. 13.
[5] Dkt. No. 15.
[6] Dkt. No. 18.
[7] Dkt. No. 20.
[8] Dkt. No. 17; Dkt. No. 19.

**LEGAL STANDARD**

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a stay bears the burden of showing it as an appropriate action, and "[a] stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court." *Norman IP Holdings, LLC v. TP-Link Technologies, Co.*, No. 6:13-CV-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014).

The America Invents Act ("AIA") provides that courts should consider four factors in determining whether to enter a stay of district court proceedings pending PTAB review of a CBM petition:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> (B) whether discovery is complete and whether a trial date has been set;
>
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (citing AIA § 18(b)(1), Pub. L. 112-29, 125 Stat. 284, 331 (2011)).

**ANALYSIS**

Here, MaxMind argues that the foregoing factors weigh heavily in favor of granting a stay because doing so will minimize litigation expenses and streamline contested issues for trial. Def. Mot. at 2. Indeed, MaxMind argues that the AIA factors

should almost always weigh in favor of granting a stay. *See Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 WL 6912688, at *2 (W.D. Tex. June 20, 2013) ("It is congressional intent that a stay should only be denied in extremely rare instances." (citation omitted)). On the other hand, Plaintiff argues that because the PTAB is unlikely to provide any comment on MaxMind's CBM petition before September 2015, MaxMind can do no more than speculate as to whether granting a stay will in fact minimize expenses and streamline contested issues for trial. Pl. Resp. at 1.

**I. Simplification of Issues**

MaxMind argues that granting a stay will simplify issues for trial because its CBM petition challenges the patentability of all independent and dependent claims of the '942 Patent. In other words, the CBM review could dispose of the entire litigation. MaxMind more generally contends that staying an infringement case pending administrative review of a patent's validity simplifies litigation because (1) the outcome of the review may encourage settlement without court involvement; (2) the administrative record will make the litigation shorter and less complex; (3) issues, evidence, and defenses will be more limited; and (4) the costs and burdens will likely be reduced for this Court. *See Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-CV-411-JDL, 2014 WL 486836, at *2 (E.D. Tex. Jan. 24, 2014) (citing *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 491 (D. Del. 2013)). MaxMind argues that courts routinely stay litigation even though the potential for simplification is speculative. *See Credit Acceptance Corp. v. Westlake Servs., LLC*, No. CV 13-01523 SJO MRNX, 2013 WL 7144391, at *3 (C.D. Cal. Dec. 30, 2013) (explaining that granting a stay would narrow

the arguments presented to the Court because all defendants would be estopped from raising invalidity arguments presented in the CBM proceedings).

Plaintiff argues that MaxMind's own briefing shows that its arguments are speculative if and until the PTAB issues a decision granting the CBM petition. Plaintiff argues that the PTAB will have to institute review and invalidate every asserted claim for the CBM review to meaningfully simplify the issues because the CBM petition presents only a single basis for its invalidity challenge—unpatenable subject matter under 35 U.S.C. § 101. Pl. Resp. at 9–10. That means the PTAB will not take up invalidity challenges based on anticipation, obviousness, or enablement and lack of written description.

For now, the Court agrees with Plaintiff that the prospects of simplification are speculative. In its Original Answer and Counterclaims, MaxMind asserts invalidity defenses under 35 U.S.C. §§ 101–103, 112; however, only its defense based on unpatenable subject matter will be reviewed by the PTAB.[9] Moreover, Plaintiff alleges in its Original Complaint that MaxMind has and continues to directly infringe at least claims 1, 2, 6, and 9 of the '942 Patent.[10] Claim 1 is an independent claim, and claims 2, 6, and 9 are dependent claims. *See* '942 Patent at 33:31–49, 33:59–62, 34:4–8. Claim 16 is also an independent claim. *Id.* at 34:26–40. MaxMind's CBM petition requests cancellation of every claim in the '942 Patent. Def. App. 13. As Plaintiff suggests, it is not implausible that the PTAB, if it institutes a proceeding, will not invalidate every claim in the '942 Patent, leaving this Court the task to rule on all of MaxMind's

---

[9] Dkt. No. 13 at 3 ¶ 2.
[10] Dkt. No. 1 ¶ 10.

invalidity defenses with respect to the remaining claims. Thus, at this stage in the proceedings, in the Court's view, the prospect of simplification is speculative and thus not significant. Each of the general advantages of granting a stay referenced by MaxMind are potentially applicable in every case. However, this Court must evaluate the individual circumstances of the case before it, and those circumstances currently suggest that significant simplification is hypothetical if and until the PTAB grants MaxMind's CBM petition. *See Norman IP Holdings, LLC*, 2014 WL 5035718, at *2.

## II. Stage of Litigation

"Granting . . . a stay early in a case can be said to advance judicial efficiency and 'maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.'" *SenoRx, Inc. v. Hologic, Inc.*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *5 (D. Del. Jan. 11, 2013) (quoting *Gioello Enterprises Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001)). Conversely, "when a request for reexamination comes after discovery is complete or nearly complete, and a trial is imminent, a stay is less likely to be granted." *Id.* (citing *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, Civ. No. 08–63–SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010)).

MaxMind argues that this case is still in its early stages, and neither the Court nor the parties have dedicated substantial resources to the matter so far. It notes that the only discovery conducted thus far is Plaintiff's service of initial disclosures, and other courts have granted stays in cases where the litigation had progressed much further. *See, e.g.*, *Landmark Tech., LLC*, 2014 WL 486836, at *3; *e-Watch, Inc. v. ACTi Corp.*, No. CIV.A. SA-12-CA-695, 2013 WL 6334372, at *1 (W.D. Tex. Aug. 9, 2013) *report and*

*recommendation adopted,* No. CIV.A. SA-12-CA-695, 2013 WL 6334304 (W.D. Tex. Aug. 26, 2013).

Plaintiff argues that MaxMind is understating the amount of work performed thus far—initial disclosures have been served, as have infringement contentions, and discovery has begun. Plaintiff notes that claim construction will be completed before the PTAB is required to grant or deny review, and a final decision from the PTAB would not be forthcoming until 12 to 18 months afterwards, even if the Court ignores the prospect of a potential appeal of the PTAB decision.

Here, the proper time to measure the stage of litigation is the date of the filing of the motion to stay—March 11, 2015. *See VirtualAgility, Inc.*, 759 F.3d at 1316; Dkt. No. 17. As of that date, Plaintiff had filed its Original Complaint, MaxMind filed its Original Answer, the parties conferred pursuant to Fed. R. Civ. P. 26 and filed a Joint Report Regarding Scheduling Order setting forth proposed deadlines for the case moving forward. The Court finds it worth noting that MaxMind requested and received two extensions of time to respond to Plaintiff's Original Complaint, and then waited until the Joint Report was due to file its Motion to Stay. *See* Dkt. Nos. 8, 12, 17. Had MaxMind responded earlier to Plaintiff's Original Complaint, claim construction discovery and briefing might have already commenced. Thus, to say this case is in its infancy only tells part of the story. Although still early, much progress will have been made in this litigation by the time the PTAB decides whether to grant or deny MaxMind's CBM petition. Therefore, although this factor weighs in favor of a stay, the Court finds that this factor weighs only slightly. *See SenoRx, Inc. v. Hologic, Inc.*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *6 (D. Del. Jan. 11, 2013) (finding that the stage of litigation

did not weigh strongly in favor of a stay because the case had been pending six months when the motion was filed, an answer had been filed, a scheduling order issued, and discovery had commenced).

### III. Undue Prejudice

"[I]n determining whether a plaintiff might be unacceptably prejudiced by a stay," the court considers "the timing of the stay request, the timing of the administrative review request, the status of the review proceedings, and the relationship between the parties." *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 494 (D. Del. 2013).

MaxMind argues that Plaintiff will not be unduly prejudiced by a stay because the CBM petition was filed on March 11, 2015, the parties have only conferred pursuant to Rule 26, MaxMind has filed its Original Answer, and the PTAB will decide whether to grant review in the next several months. MaxMind contends that the CBM review will narrow the scope of litigation and potentially avoid unnecessary discovery.

Plaintiff argues that MaxMind is engaging in an unfair litigation tactic by requesting a stay when its CBM petition only raises a single ground for invalidity, and in effect, MaxMind is trying to take a second bite at the invalidity apple by omitting any prior art in its CBM petition. According to Plaintiff, MaxMind is trying to stall this suit, make its invalidity case to the PTAB on unpatenable subject matter, and then plans to do the same in this Court if its efforts before the PTAB prove to be unsuccessful. Plaintiff finds MaxMind's motives dilatory given that it could have raised its invalidity argument in this Court through a Motion to Dismiss or Motion for Judgment on the Pleadings on § 101 grounds. Plaintiff also argues that the length of the CBM process will lengthen this case until September 2016 at least, after which an appeal to the Federal Circuit would

probably take place. Plaintiff argues that this delay would be unduly prejudicial, especially considering that the inventor of the patent-in-suit is 73-years old.

For the reasons already stated, the Court finds this litigation to be further along than MaxMind suggests, especially given that the delay is due in part to MaxMind's requests for an extension of time to answer Plaintiff's Complaint. Were the Court to grant a stay, it will have effectively stayed the case for nearly a year after Plaintiff filed its Original Complaint. Should the PTAB grant MaxMind's CBM petition, the Court will reconsider its current finding that Plaintiff would suffer undue prejudice if the Court were to grant a stay.

### IV.  Burdens of Litigation

MaxMind argues that this factor weighs in favor of granting a stay because it would alleviate the burden of simultaneously litigating certain validity issues in this Court and before the PTAB. According to MaxMind, granting a stay will also avoid wasting the resources of the Court and parties in litigating infringement, invalidity, and claim construction issues for claims that may be amended or canceled entirely.

Plaintiff argues that if any asserted claims survive CBM review, the value of a stay will be diminished, and the scope of the case will not dramatically change. Plaintiff notes that not all validity issues will be considered by the PTAB.

MaxMind's characterization of the burden on the Court and the parties is largely dependent on its optimistic view of the merits of its CBM petition. Thus, MaxMind's argument presupposes that its CBM will be granted, all of the claims will be invalidated, and this Court's work in the meantime will be duplicative and needless. As already discussed with respect to the simplification factor, the Court finds MaxMind's argument

9

largely hypothetical. Moreover, to the extent the proceedings in this Court and before the PTAB are duplicative, which again depends on the PTAB granting MaxMind's CBM petition, they will only overlap with respect to § 101 validity. The Court does not view the prospect of hearing or ruling on such a motion to be arduous as compared to other invalidity arguments that might have been raised before the PTAB. As a result, the Court finds this factor does not weigh in favor of granting a stay.

## V. Conclusion

Based on the foregoing, the Court **DENIES** Defendant's Motion for Stay, without prejudice to Defendant refiling its Motion should the PTAB grant MaxMind's CBM petition.

**SO ORDERED.**

April 24, 2015.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**