IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CREDIT CARD FRAUD CONTROL CORPORATION, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 3:14-CV-03262-M |
| MAXMIND, INC., | § § | |
| Defendant. | § | |

### DEFENDANT MAXMIND, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant MaxMind, Inc. ("MaxMind") respectfully files this Answer to Plaintiff's First Amended Complaint (the "Amended Complaint") and Counterclaims.

### THE PARTIES

1. MaxMind is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint, and, accordingly, denies the same.

2. MaxMind admits that it is a Delaware corporation with a principal place of business in Waltham, Massachusetts. MaxMind otherwise denies any remaining allegations of paragraph 2 of the Amended Complaint.

### JURISDICTION AND VENUE

3. MaxMind admits that the Amended Complaint alleges that this is an action arising under the United States Patent Act, 35 U.S.C. § 1, *et seq*. MaxMind denies any patent infringement and denies any remaining allegations of paragraph 3 of the Amended Complaint.

4. MaxMind admits that subject-matter jurisdiction of patent claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338. MaxMind denies any patent infringement and denies any remaining allegations in paragraph 4 of the Amended Complaint.

5. MaxMind admits that 28 U.S.C. §§ 1391 and 1400 govern the venue of patent claims. MaxMind admits it has filed counterclaims in this action but otherwise denies any patent infringement and denies any remaining allegations in paragraph 5 of the Amended Complaint.

6. MaxMind admits it has filed counterclaims in this action but otherwise denies the allegations in paragraph 6 of the Amended Complaint.

## (ALLEGED) PATENT INFRINGEMENT

7. MaxMind incorporates its responses herein to Paragraphs 1 through 6 in the Amended Complaint.

8. MaxMind is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint, and, accordingly, denies the same.

9. MaxMind denies the allegations in paragraph 9 of the Amended Complaint and/or is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint, and accordingly, denies the same.

10. MaxMind denies the allegations in paragraph 10 of the Amended Complaint.

11. MaxMind denies the allegations in paragraph 11 of the Amended Complaint.

12. MaxMind admits it has had knowledge of the existence of U.S. Patent No. 8,630,942 (the "'942 patent") since being served with the Original Complaint. Otherwise, MaxMind denies the allegations in paragraph 12 of the Amended Complaint.

13. MaxMind denies the allegations in paragraph 13 of the Amended Complaint.

14. MaxMind denies the allegations in paragraph 14 of the Amended Complaint.

15. MaxMind denies the allegations in paragraph 15 of the Amended Complaint.

## JURY DEMAND

MaxMind admits that Plaintiff has articulated a jury demand.

## PRAYER

With respect to the allegations in the section of the Amended Complaint entitled "Prayer for Relief," MaxMind admits that Plaintiff seeks the relief set forth therein, but denies that Plaintiff is entitled to any of the relief requested. Otherwise, the allegations of the "Prayer for Relief" section of the Amended Complaint are denied.

## DEFENSES

Further answering, MaxMind asserts the following defenses without assuming the burden of proof when such burden would otherwise be on Plaintiff.

### First Defense

1. MaxMind has not infringed and is not infringing any valid and enforceable claim of the '942 patent.

### Second Defense

2. MaxMind has not contributed to and is not contributing to the infringement of any valid and enforceable claim of the '942 patent.

### Third Defense

3. MaxMind has not induced and is not inducing the infringement of any valid and enforceable claim of the '942 patent.

### Fourth Defense

4. The '942 patent is invalid because it fails to meet the conditions set forth for patentability in Title 35, United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112 thereof.

### Fifth Defense

5.      Plaintiff is estopped from asserting a construction of any claims of the '942 patent in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court of law.

### Sixth Defense

6.      To the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### Seventh Defense

7.      Plaintiff is barred from recovering costs by 35 U.S.C. § 288.

### Eighth Defense

8.      Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

### Ninth Defense

9.      Should MaxMind be found to infringe the '942 patent, such infringement was not willful.

### Tenth Defense

10.     To the extent Plaintiff alleges that MaxMind indirectly infringes, either by contributory infringement or inducement of infringement, MaxMind cannot be liable for the acts alleged to have been performed before MaxMind purportedly knew its action would cause indirect infringement.

MaxMind reserves the right to assert additional defenses after further investigation, including but not limited to additional defenses related to validity and enforceability.

## COUNTERCLAIMS

MaxMind asserts the following Counterclaim against Plaintiff/Counter-Defendant Credit Card Fraud Control Corporation ("CCFCC"):

### Jurisdiction and Venue

1. This Court has jurisdiction over the claims for declaratory relief arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

2. Venue in this judicial district is proper to the extent venue for CCFCC's Amended Complaint is proper pursuant to 28 U.S.C. § 1391.

### The Parties

3. As stated in CCFCC's Amended Complaint, CCFCC is a corporation with its principal place of business in Newport Beach, California.

4. Defendant/Counter-Plaintiff MaxMind, Inc. is an entity organized and existing under the laws of Delaware with its principal place of business in Waltham, Massachusetts.

### Declaratory Judgment

5. Defendant/Counter-Plaintiff MaxMind, Inc. ("MaxMind") incorporates the allegations contained above in its Answer and in paragraphs 1 through 4 of this Counterclaim.

6. Plaintiff/Counter-Defendant CCFCC has filed suit in this matter asserting infringement of one or more claims of the '942 patent. MaxMind denies any liability for infringement and asserts that the referenced patent is invalid and unenforceable. The allegations in the Amended Complaint have created an actual and justiciable controversy between Plaintiff/Counter-Defendant CCFCC and Defendant/Counter-Plaintiff MaxMind concerning the validity, enforceability, and infringement of the '942 patent.

7. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, MaxMind is entitled to a declaratory judgment that the '942 patent is invalid for failure to meet the conditions set forth in Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

8. MaxMind is also entitled to a declaratory judgment that it has not infringed, contributed to the infringement of, or induced the infringement of, and is not infringing, contributing to the infringement of, or inducing the infringement of, any valid and enforceable claim of the '942 patent.

9. This is an exceptional case under 35 U.S.C. § 285. Accordingly, MaxMind is entitled to recover its reasonable attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Defendant MaxMind, Inc. respectfully requests:

a. that Plaintiff take nothing by this action;

b. that the Court enter a judgment declaring that MaxMind does not and has not infringed any valid and enforceable claim of the '942 patent;

c. that the Court enter a judgment declaring that the claims of the '942 patent are invalid;

d. that the Court declare this case is exceptional under 35 U.S.C. § 285 in MaxMind's favor and that MaxMind be awarded its costs, expenses, and reasonable attorneys' fees incurred herein; and

e. that the Court grant such other and further relief to which MaxMind may show itself justly entitled.

Dated: June 11, 2015

Respectfully submitted,

**ANDREWS KURTH LLP**

By: */s/ Tonya M. Gray*
Anthony Son
AnthonySon@andrewskurth.com
1350 I Street, NW
Suite 1100
Washington, DC  20005
Telephone:  202.662.2784
Fax:  202.974.9524

Tonya M. Gray
Texas Bar No. 24012726
tonyagray@andrewskurth.com
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659-4400
Facsimile:  (214) 659-4401

**ATTORNEYS FOR DEFENDANT MAXMIND, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 11, 2015, the foregoing document was electronically submitted with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record.

*/s/ Tonya M. Gray*
Tonya M. Gray