IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CREDIT CARD FRAUD CONTROL CORPORATION,**<br><br>Plaintiff,<br><br>vs.<br><br>**MAXMIND, INC.,**<br><br>Defendant. | CASE NO. 3:14-CV-03262-M |

**PLAINTIFF CREDIT CARD FRAUD CONTROL CORPORATION'S**
<u>**VOLUNTARY MOTION TO DISMISS**</u>

Credit Card Fraud Control Corporation ("Fraud Control") filed its Original Complaint on September 10, 2014 (the "Complaint") for infringement of U.S. Patent No. 8,630,942 (the "'942 patent"). The Complaint alleges that Maxmind, Inc. ("Maxmind") infringes at least claims 1, 2, 6, and 9. *See* Dkt. No. 1.

On March 3, 2015, Maxmind filed a Petition for Post-Grant Review of the '942 patent pursuant to 35 U.S.C. Section 321 and Section 18 of the Leahy-Smith America Incents Act. *See* No. CBM2015-00094, Paper No. 1. The Patent Trial and Appeal Board ("PTAB") issued its Decision on September 11, 2015 instituting the requested review. *Id.* at Paper No. 7.

In view of the PTAB's institution decision, as well as information provided by Maxmind to Fraud Control regarding the damages at issue, Fraud Control believes it best, for all parties, that the district court litigation be dismissed. This belief has been communicated to Maxmind on multiple occasions, yet Maxmind has repeatedly and unnecessarily delayed Fraud Control's efforts to resolve and dismiss this litigation by refusing to stipulate to a joint dismissal of claims under Fed. R. Civ. P. 41.

1

Specifically, Fraud Control offered to dismiss its claims in this action *with* prejudice. In exchange, Maxmind would dismiss its corresponding counterclaims *without* prejudice. After indicating initially its amenability to mutual dismissals, Maxmind has refused to approve the necessary paperwork. *See, e.g.,* Exhibit A (October 27, 2015 email from Anthony Son to Ryan Griffin and November 5, 2015 email from Anthony Son to Anthony Vecchione).

On November 5, 2015, Fraud Control further offered Maxmind a covenant not to sue. *See* Exhibit A (November 5, 2015 email from Anthony Vecchione to Anthony Son). This offer has been met with silence.

In view of Maxmind's silence, Fraud Control now makes the following covenant:

> Plaintiff Credit Card Fraud Control Corporation ("Fraud Control"), for itself, its parents, subsidiaries, affiliated companies, successors, agents, and assigns, hereby releases and absolutely discharges Maxmind, Inc. ("Maxmind"), and its current and former customers, distributors, retailers, suppliers, manufacturers, employees, representatives, agents, officers, directors (all in their respective capacities as such), of and from any and all claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, attorneys' fees, actions and causes of action, known or unknown, foreseen or unforeseen, of every kind and nature whatsoever (i) arising out of or in connection with infringement of U.S. Patent No. 8,630,942 ("the '942 patent"), and (ii) based in whole or in part on acts of Maxmind prior to, and as of, the date of this covenant.
>
> Further Fraud Control, for itself, its parents, subsidiaries, affiliated companies, successors, agents, and assigns, hereby covenants and agrees that they will not institute suit or otherwise assert a claim that a method practiced or product manufactured, imported, exported, used, offered for sale, sold or otherwise distributed by or for Maxmind, Inc. ("Maxmind") infringes any claim of U.S. Patent No. 8,630,942 ("the '942 patent"). Fraud Control also hereby covenants and agrees not to sue Maxmind's direct or indirect customers for infringement of any claim of the '942 patent for

offering for sale, selling, importing, exporting, delivering or otherwise disposing of any Maxmind product or method.[1]

With this covenant, the Court no longer maintains subject matter jurisdiction, and dismissal of the parties' claims and counterclaims is appropriate and warranted.

## APPLICABLE LAW

To satisfy the "actual controversy" requirement of the Declaratory Judgment Act, the Supreme Court requires "[the dispute be] definite and concrete, touching the legal relations of parties having adverse legal interests and that it be real and substantial. *Medimmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764 (2006). "Basically the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*.

The burden of establishing that the Court has subject matter jurisdiction falls on the party seeking declaratory relief. *Benitec Austl., Ltd. v. Necleonics, Inc.*, 495 F.2d 1340, 1344 (Fed. Cir. 2007). The party seeking declaratory relief must demonstrate not only that subject matter jurisdiction existed at the time of the suit, but also that it continued throughout the case. *Id*.

A covenant not to sue for infringement can eliminate a Court's subject matter jurisdiction over a declaratory judgment counterclaim. *See, e.g., Benitec*, 495 F.2d at 1347-48; *Dow Jones & Co., Inc. v. Ablaise Ltd.,* 606 F.3d 1338, 1345-48 (Fed. Cir. 2010); *Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172 F.3d 852, 855-56 (Fed. Cir. 1999); *Super Sack*, 57 F.3d at 1058.[2] "Whether a

---

[1] A statement of counsel in motion papers regarding a covenant not to sue is sufficient to make the covenant binding. *See e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995); *Apollo Metals, Ltd. v. Electroplating Technologies, Ltd.*, 2009 WL 4043305 *2 (E.D. Pa. Nov. 23, 2009).

[2] To the extent that Maxmind argues that *Amana* and *Super Sack* are not good law because they were decided before the Supreme Court's decision in *Medimmune*, changing the standard for

covenant not to sue will divest the … court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009).

To divest the Court of jurisdiction, a covenant need only release an accused infringer from liability based on past and present activities. *Amana*, 172 F.3d at 855-856. The residual possibility of a future infringement suit based on a party's future acts is simply too speculative a basis for jurisdiction. *Super Sack*, 57 F.3d at 1060; *Amana*, 172 F.3d at 855 ("an actual controversy cannot be based on a fear of litigation over future products"); *Cocona*, 2015 WL 3661394 *8; *Mytee*, 2012 WL 4471246 * 2; *Benitec*, 495 F.3d at 1345-48; *U.S. Rubber Recycling*, 2011 WL 311014 *5.

**ARGUMENT**

The covenant proposed by Fraud Control divests this Court of subject matter jurisdiction over Maxmind's counterclaims asserted in this action. In *Dow Jones*, for instance, the following covenant was found to divest the district court of subject matter jurisdiction:

> Ablaise, on behalf of itself and any successors-in-interest to the '530 patent, will release and unconditionally covenant not to sue

---

seeking declaratory relief, this argument has been expressly rejected by the Federal Circuit in *Benitec* and *Dow Jones*. Specifically, the Federal Circuit found that the rationale in *Amana* and *Super Sack* still apply using the post-*Medimmune* declaratory judgment standard. In addition, numerous district courts have held the same post-*Medimmune*. *See e.g., U.S. Rubber Recycling, Inc. v. Encore Intern., Inc.*, 2011 WL 311014 *3-5 (C.D.Cal. Jan. 7, 2011); *Hillman Group, Inc. v. Minute Key, Inc.*, 2014 WL 4064187 *4-5 (S.D. Ohio 2014); *Spicy Beer Mix, Inc. v. New Castle Beverage*, 2014 WL 7672167 *6 (C.D. Cal. Aug. 1, 2014); *Internet Pipeline, Inc. v. Aplifi, Inc.*, 2011 WL 4528340 *1-3 (E.D. Pa. (Sept. 29, 2011); *Bendix Commercial Vehicle Systems LLC, v. Haldex Brake Products Corp.*, 2010 WL 3221972 *1-3 (N.D. Ohio Aug. 13, 2010); *Apollo Metals,* 2009 WL 4043305 *2; *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F.Supp.2d, 645, 649-55 (M.D. Pa. 2008); *Furminator, Inc. v. Ontel Products Corp.*, 246 F.R.D. 579 (E.D. Mo. 2007); *Mytee Products, Inc. v. Studebaker Enterprises, Inc.*, 2012 WL 4471246 *1-3 (S.D. Cal. Sept. 26, 2012); *Technology Licensing Corp. v. Technicolor USA, Inc.*, 800 F.Supp.2d 1116, 1119-22 (E.D. Cal. 2011); *Cocona, Inc. v. Sheex, Inc.*, 2015 WL 3661394 *2-8 (D. Colo. June 12, 2015).

> Dow Jones & Company, Inc., or any of its subsidiaries or divisions, including but not limited to Dow Jones Reuters Business Interactive, LLC d/b/a Factiva ("Dow Jones"), for infringement of the '530 patent as of the date of this agreement based on Dow Jones' manufacture, importation, use, sale and/or offer for sale of currently existing products or use of methods. This covenant does not include Dow Jones' parent company, New Corporation, or any of News Corporation's subsidiaries, divisions or other affiliates which are not expressly included in this covenant.

*Dow Jones*, 606 F.3d at 1345. The covenant proposed by Fraud Control goes beyond the *Dow Jones* covenant by, among other things, extending the covenant not to sue under the '942 patent into the future.

In *Amana*, the covenant was simply to "not assert any infringement claim against Amana under the patent as it presently reads, with respect to any product previously or currently advertised, manufactured, marketed, or sold by Amana." *Amana*, 172 F.3d at 855. Similarly, in *Super Sack*, the covenant was to "not sue Chase for infringement as to any claim of the patents-in-suit based upon products currently manufactured and sold by Chase." *Super Sack*, 57 F.3d at 1056. The covenant proposed by Fraud Control goes beyond both of these as well.

## **CONCLUSION**

For the foregoing reasons, Fraud Control asks that the Court dismiss its claims in this action with prejudice, and that it also dismiss Maxmind's counterclaims without prejudice; thereby bringing this matter to its close.

5

Dated: November 13, 2015            Respectfully submitted,

           */s/Anthony Vecchione*
           Edward R. Nelson, III
           Texas State Bar No. 00797142
           ed@nelbum.com
           Ryan P. Griffin
           Texas State Bar No. 24053687
           ryan@nelbum.com
           Anthony Vecchione
           Texas State Bar No. 24061270
           anthony@nelbum.com

           **Nelson Bumgardner P.C.**
           3131 West 7th Street, Suite 300
           Fort Worth, Texas 76107
           Phone: (817) 377-9111
           Fax: (817) 377-3485

           **ATTORNEYS FOR PLAINTIFF CREDIT CARD FRAUD CONTROL CORPORATION**

## **CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff conferred with counsel for Defendant regarding this motion on Friday, November 13, 2015. The relief requested herein is opposed by Defendant.

           */s/Anthony Vecchione*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on Friday, November 13, 2015, the foregoing document was electronically submitted with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record.

           */s/Anthony Vecchione*